LINA BECKER, Appellant, v. ROBERT L. LEACH (L. A. Andrew, Substituted), State Superintendent of Banking, Appellee.

No. 39896.

1348

NOVEMBER 12, 1929.

*Carroll Brothers,* for appellant.

*Korf & Korf,* for appellee.

MORLING, J.—This is a second claim, arising out of the same facts, filed by the present claimant. On her first claim, claimant was given the status of a general creditor. *Leach v. Burton & Co. State Bank of Kellogg,* 206 Iowa 675. As will be seen from that case, a depositor in the insolvent bank, Mendenhall, gave claimant a check on the (now) insolvent bank for $2,000, which claimant deposited in a Davenport bank. The Davenport bank mailed the check to the drawee bank, with instructions to collect and remit. The drawee bank, on receiving the check, charged it against the depositor's account, and issued to the Davenport bank a draft on its Des Moines correspondent. This draft was presented, but payment was refused because of the suspension of the drawer of the draft (drawee of the check). In her former claim, claimant alleged that the draft was then held by her, asked to have a trust established in her favor, and also alleged "that, in addition to being a beneficiary of said trust, this claimant is entitled to the rights of said Mendenhall as a depositor in said bank." Hence she presented to the court her claim to, and was denied, the same relief that she asks here. For she now asks to be "subrogated" to the right of the depositor and drawer

of the check which she received from Mendenhall, asks for establishment of her claim as a depositor, and asks that the receiver be directed to pay to her dividends accordingly. Claimant, on the dishonor of the draft, if her present contention is sound, was entitled to renounce her rights under the draft and to have the apparent payment of the depositor's account to the amount of the check, $2,000, set aside, to have the depositor's account established as unpaid, and to have herself substituted to the right of the depositor accordingly; or she had the right to stand on the draft, and take the rights against the insolvent bank which she had as holder of the draft. In taking her stand as a holder of a draft issued by the bank, and entitled to enforce the obligations of the bank resulting therefrom, she necessarily affirmed the validity of the check for which the draft was given, and affirmed the payment of the check and the charge of the check against the depositor's account. She could not claim that the draft issued in payment of the check was a subsisting obligation of the bank, and that she was entitled to recover upon it as such, and at the same time claim that the deposit in payment of which the draft was given was not thereby paid. The contention which she now makes she made alternatively then. She prosecuted her action to final judgment. By the judgment her status was established as the holder of the draft and as a general creditor. That judgment is still in full force. Her present contention was, in effect, denied. She cannot now, in contradiction of the judgment, and in defiance of her status as a general creditor established by it, have the same claim established as a depositor's claim, having priority over general claims. It is *res adjudicata* that the claimant has not the status of a depositor, but has that of a general creditor.— *Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, WAGNER, and GRIMM, JJ., concur.